1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Marlene Ziya, | ) | No. CV-10-2021-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Global Linguistic Solution, et al., | ) | |
| Defendants. | ) | |

Plaintiff has filed a motion to seal this case. Doc. 1. "[A] party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings outweigh the general history of access and the public policies favoring disclosure.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citation omitted). Plaintiff has made no such showing, asserting only that the case should be sealed "due to the nature of the case." Doc. 1 at 1-2. The motion to seal will be denied.

Plaintiff has submitted a lodged complaint alleging generally that she suffered severe injustices during her employment with Defendants Thomas/Wright and Global Linquistic Solution. Doc. 2. The Court finds the complaint to be deficient in several respects. First, it contains no jurisdictional statement. Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute," *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994), and "the presumption is that [they are] without jurisdiction unless the contrary affirmatively appears[,]" *Fifty Associates. v. Prudential Insurance Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970).

1  Pursuant to federal statutes, this Court has subject matter jurisdiction over a case where there
2  is federal question jurisdiction, 28 U.S.C. §§ 1331, or where diversity jurisdiction exists,
3  28 U.S.C. § 1332.  The complaint asserts no federal claim, nor does it allege that complete
4  diversity of citizenship exists among the parties.

5  The complaint names numerous defendants in the caption, but does not include
6  specific factual allegations with respect to each defendant.  Nor does the complaint set forth
7  separate and discrete claims for relief, listing instead a host of common law torts and other
8  claims in serial fashion.

9  The Court will dismiss the complaint for lack of subject matter jurisdiction.  *See*
10 *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) ("a federal court may dismiss *sua sponte*
11 if jurisdiction is lacking").  In the interest of justice, the Court will grant Plaintiff leave to
12 file an amended complaint.  *See* Fed. R. Civ. P. 15(a)(2).  Plaintiff shall have until
13 **November 5, 2010** to file an amended complaint consistent with this order.

14 For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal
15 Rules of Civil Procedure.  Rule 8(a) provides that a complaint shall contain a short and plain
16 statement of the grounds upon which the court's jurisdiction depends, a short and plain
17 statement of the claim showing that the plaintiff is entitled to relief, and a demand for
18 judgment for the relief the plaintiff seeks.  Fed. R. Civ. P. 8(a)(1)-(3).  These pleading
19 requirements shall be set forth in separate and discrete paragraphs.  The paragraphs must be
20 numbered in consecutive order, and each paragraph must be "simple, concise, and direct."
21 Fed. R. Civ. P. 8(d)(1).  Each claim for relief must be set forth in separate numbered counts
22 (i.e., count one, count two, etc.).

23 Plaintiff is advised that the amended complaint must give each defendant "fair notice
24 of what the . . . claim[s] [are] and the grounds upon which [they] rest."  *Bell Atl. Corp. v.*
25 *Twombly*, 550 U.S. 544, 555 (2007).  This includes some factual basis for each claim and the
26 specific legal theory supporting the claim.  "Threadbare recitals of the elements of a cause
27 of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129
28 S. Ct. 1937, 1949 (2009); *see McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (the

complaint must set forth "who is being sued, for what relief, under what theory, with enough detail to guide discovery"); *In re Cutera Sec. Litig.*, 610 F.3d 1108 (9th Cir. 2010) ("'conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim'") (citation omitted).

Plaintiff is further advised that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (pro se litigants "must follow the same rules of procedure that govern other litigants"); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions/Orders/Rules").

Plaintiff's request for appointment of counsel (Doc. 2 at 2) will be denied. There is no constitutional right to appointed counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). The Court, however, does have the discretion to appoint counsel in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331(quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Having considered both factors, the Court finds that Plaintiff has not demonstrated a likelihood of success on the merits or that any difficulty she is experiencing in attempting to litigate this case is due to the complexity of the issues involved. Although litigation is never

an easy task, many pro se litigants are able to assert employment-related claims effectively.

If Plaintiff fails to prosecute this action, or if she fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. Plaintiff's motion to seal this case (Doc. 1) is **denied**.
2. The complaint (Doc. 2) is **dismissed** without prejudice.
3. Plaintiff shall have until **November 5, 2010** to file an amended complaint consistent with this order.
4. Plaintiff's request for appointment of counsel (Doc. 2 at 2) is **denied**.
5. The application to proceed without prepaying fees or costs (Doc. 3) and motion for jury trial (Doc. 5) are **denied** without prejudice.
6. The Clerk is directed to **dismiss** this action without further notice if Plaintiff fails to meet the November 5, 2010 deadline for filing an amended complaint.

DATED this 18th day of October, 2010.

David G. Campbell
United States District Judge