**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marlene Ziya, | No. CV-10-2021-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Global Linguistic Solution, et al., | |
| Defendants. | |

Plaintiff has filed a one-paragraph document titled Hearing Motion. Doc. 11. The document asks the court to vacate all previous orders, reinstate this case, permit the filing of an amended complaint, permit filing without fee, and allow a jury trial. *Id.*

The Court previously entered an order dismissing Plaintiff's complaint for lack of subject matter jurisdiction, but allowing Plaintiff to file an amended complaint by November 5, 2010. Doc. 9. The order provided guidance on the contents of any amended complaint. *Id.* When Plaintiff did not file an amended complaint by that date, the Clerk entered judgment terminating this action. Doc. 10. The Court will construe Plaintiff's most recent motion as a request for reconsideration.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1);

*see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff fails to identify any basis for reconsideration. Doc. 11. The Court's previous order was clear in requiring Plaintiff to file an amended complaint by November 5, 2010, and providing specific guidance on how to do so. Doc. 9 at 2-3. Plaintiff failed to file an amended complaint or follow the Court's instructions, and has provided no basis for reconsidering the Court's previous order.

Because Plaintiff is proceeding pro se, however, and mentioned in her motion that she seeks leave to amend, the Court will afford her one more opportunity to amend. Plaintiff shall file an amended complaint on or before **December 17, 2010**. Plaintiff should consider the directions included in the Court's previous order dated October 18, 2010 (Doc. 9) in drafting her amended complaint.

**IT IS ORDERED:**

1. Plaintiff's motion for reconsideration (Doc. 11) is **denied**.
2. Plaintiff shall file an amended complaint on or before **December 17, 2010**.

3. The Clerk is again directed to **dismiss** this action without further notice if Plaintiff fails to meet the December 17, 2010 deadline for filing an amended complaint.

DATED this 29th day of November, 2010.

_____
David G. Campbell
United States District Judge