**WO**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marlene Ziya, | Case No. CV10-2021-PHX DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Global Linguist Solutions, LLC; Thomas/Wright Inc.; and Bernardo B. Serna, | |
| Defendants. | |

Plaintiff Marlene Ziya has filed an amended complaint.  Doc. 16.  The complaint alleges various tort and contract claims.  Doc. 16.  The contract at issue is an employment contract between Plaintiff and Defendant Thomas/Wright Inc. ("Wright").  Doc. 22-1.  The Court previously ordered Plaintiff to file the amended complaint in compliance with the Federal Rules of Civil Procedure and with the Court's Local Rules.  Doc. 9.  The Court provided Plaintiff information on where to find the proper rules.  *Id.*

Defendants Wright and Global Linguist Solutions, LLC ("GLS") have filed motions to dismiss under Rules 12(b)(3) and 12(b)(6).  Doc. 22; Doc. 36.  Specifically, Defendants argue that a forum selection clause in the contract between Wright and Plaintiff mandates that Plaintiff file suit in Oregon.  *Id.*  In the alternative, Defendants argue that Plaintiff has failed to state a claim on which relief can be granted.

In response to Wright's motion, Plaintiff argues that Arizona is the proper jurisdiction and that she did not receive the page of the contract that contained the forum selection

clause. Doc. 30. She also argues that it would be unfair to enforce the forum selection clause because the statutes of limitations for some of her claims have already expired in Oregon and it would be financially burdensome for her to litigate there. *Id.* As an alternative to dismissal, Plaintiff asks this Court to grant leave to file amend. *Id.*

Wright opposes the motion for leave to amend, arguing that amendment would be futile because the forum selection clause mandates dismissal even if the complaint is sufficient under Rule 12(b)(6). Doc. 33. Wright also argues that concerns about statutes of limitations or financial burdens are not sufficient to overcome a valid forum selection clause.

In response to Defendant GLS's motion to dismiss, Plaintiff raises substantially the same arguments regarding Oregon's statutes of limitations.[1] Doc. 40. Plaintiff further asserts that she was confused as to where to bring suit due to her various contacts with GLS employees at different locations throughout the country. *Id.* Finally, Plaintiff's response asks the Court to reconsider its order granting GLS an extension to answer, and to grant judgment against GLS. *Id.*

GLS argues in reply that the precise type of confusion Plaintiff experienced was planned for and solved by inclusion of a forum selection clause in the employment contract. Doc. 42. GLS also argues that Plaintiff cites no legal authority to support her motions for reconsideration or judgment against GLS.

Thus, before this court are five motions: (1) Defendants Wright's motion to dismiss; (2) Defendant GLS's motions to dismiss; (3) Plaintiff's motion for leave to file a second amended complaint;[2] (4) Plaintiff's motion for default judgment against Wright; and (5) Plaintiff's motion for reconsideration and judgment against GLS.

The issues have been fully briefed. For the reasons stated below, the Court finds merit in Defendants' motions to dismiss under Rule 12(b)(3), but instead will transfer this case to the United States District Court for the District of Oregon under 28 U.S.C. § 1406(a).

---

[1] Docs. 40, 43, and 45 are all responsive to GLS's motion to dismiss. Because Plaintiff is *pro se*, the Court will treat those documents as a single response to GLS's motion to dismiss.

[2] Several of Plaintiff's responses are styled in part as a motion for leave to amend the complaint. Docs. 30, 40, 45.

1    The Court will deny as moot the parties' remaining motions.[3]

2    **I.    Legal Standard.**

3    Federal law governs the validity of a forum selection clause, courts are allowed to

4    consider facts outside the complaint, and courts are not required to accept the pleadings as

5    true when deciding dismissal under 12(b)(3). *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320,

6    324–25 (9th Cir. 1996). If the court elects not to hold an evidentiary hearing, however, the

7    court must accept as true the evidence submitted by the party opposing the motion to

8    dismiss. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1143 (9th Cir. 2004).

9    Substantively, "forum selection clauses are prima facie valid and should not be set aside

10   unless the party challenging enforcement of such a provision can show it is 'unreasonable

11   under the circumstances.'" *Argueta*, 87 F.3d at 325 (quoting *M/S Bremen v. Zapata Off-

12   *Shore Co.*, 407 U.S. 1, 10 (1972)). The Supreme Court has identified three circumstances

13   where enforcement of a forum selection clause would be unreasonable: the clause was the

14   product of fraud or overreaching, enforcement would deprive a party of her day in court, or

15   enforcement would contravene a strong policy of the forum where the suit was brought.

16   *Bremen,* 407 U.S. at 12–18; *see also Murphy*, 362 F.3d at 1140.

17   **II.    Forum Selection Clause.**

     **A.    Financial Hardship.**

18   Defendants argue that the forum selection clause requires Plaintiff to bring her

19   complaint in Oregon federal court. Doc. 22. Plaintiff appears to limit her response to one of

20   the *Bremen* grounds—that she will be deprived her day in court if forced to litigate in

21   Oregon. *See* Doc. 30 at ¶ 2.

22   Plaintiff asserts is that it would be financially burdensome to litigate in Oregon. *Id.*

23   To avoid enforcement of a forum selection clause on hardship grounds, however, "trial in the

24   contractual forum [must] be so gravely difficult and inconvenient that [the plaintiff] will for

25   all practical purposes be deprived of his day in court." *Bremen,* 407 U.S. at 18. This

---

26

27   [3] Defendant Wright's request for oral argument is denied because the issues have been fully
     briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b);
     *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

28

exception has been construed narrowly.  *See, e.g., Argueta v. Banco Mexicano, S.A.,* 87 F.3d 320, 325–27 (9th Cir. 1996) (enforcing a forum selection clause requiring that the parties litigate the dispute in Mexico, even though the plaintiff argued that he would be persecuted and deprived of a fair hearing if he returned to Mexico); *Spradlin v. Lear Siegler Mgmt. Servs. Co., Inc.,* 926 F.2d 865, 868–69 (9th Cir.1991) (enforcing a forum selection clause contained in an employment agreement, which required the plaintiff, a California resident, to bring suit in Saudi Arabia despite the fact that the plaintiff and his family had been ordered to leave Saudi Arabia within ten days of being terminated from his position).

The Ninth Circuit held in *Murphy* that the combination of a plaintiff's "physical and financial limitations" could preclude that plaintiff from having his "day in court." *Murphy,* 362 F.3d at 1143.  The plaintiff in *Murphy* submitted an affidavit to the district court which provided:

> Since my accident I have been unable to work.  Because I was unable to work, I earned no income, and the truck that I used to earn my livelihood was repossessed.  I presently live on my disability payments, which amount to approximately $2,000.00 per month.  I am 61 years old.  My wife, who is 61 years of age, is also disabled and cannot work.  She receives approximately $234.00 per month in disability payments.  Each month we use all of our combined disability payments to pay outstanding bills.  We also put an average of $200 $300 per month on credit cards, on which we are making minimum payments.  We have no disposable income . . . .  I could not afford to maintain this case if it were in a Wisconsin court.

*Id.* at 1142.  The plaintiff also asserted that "even though driving to Wisconsin [from Oregon] might be an affordable way for him to travel, his injury prevents him from sitting in a position of limited mobility for more than one hour; that although medication reduces the pain, it impairs his ability to drive; and that his wife cannot drive because of her injuries and disabilities."  *Id.*  The Ninth Circuit found this combination of circumstances potentially sufficient to invoke the *Bremen* exception, vacated the district court's order dismissing the action, and remanded for further proceedings, including an evidentiary hearing if necessary. *Id.* at 1143.

In *Holck v. Bank of N.Y. Mellon Corp.*, 769 F. Supp. 2d 1240, 1254 (D. Haw. 2011), the district court enforced a forum selection clause.  The clause required the plaintiff, a Hawaii resident and the sole guardian of three children, to litigate in California despite the financial burden and the difficulty for the plaintiff to arrange for child care.  *Id.* at 1251–52.  The district court noted that the plaintiff before it had not provided the kind of detailed hardship evidence that existed in *Murphy*, and therefore concluded that the plaintiff had not met his heavy burden of avoiding the forum selection clause.  *Id.*

Plaintiff in this case fails to provide the kind of detailed evidence found sufficient in *Murphy*.  Plaintiff's response contains this single sentence:  "filing my case in Oregon is [a] heavy burden for me since I don't have the financial ability to hire a lawyer or to travel to and from Oregon."  Doc. 30 at 1.  Plaintiff does not elaborate as to how the financial burden entirely precludes her from litigating in Oregon, nor does she identify other limitations such as the physical disability that existed in *Murphy*.  The Court concludes that Plaintiff's conclusory statement of financial hardship is not enough to satisfy the heavy burden of showing that a forum selection clause is unreasonable.

## B.   Statutes of Limitations.

Plaintiff argues that enforcing the clause would deprive her of her day in court because the statutes of limitations for some of her claims have expired in Oregon "and others are to be expiring very soon."  Doc. 30 at 1.  Plaintiff does not identify which claims would be time-barred in Oregon, nor does she identify the statutes of limitations that allegedly would bar them.  *Id*.

Courts are split on whether time-bar concerns should be considered when analyzing forum selection clauses.  *New Moon Shipping Co. v. Man B & W Diesel AG*, 121 F.3d 24, 32-33 (2nd Cir. 1997)[4]; *see also PAC Global Ins. Brokerage, Inc. v. Gramter Int'l (U.S.A) Co.*, No. CV 07-00964, 2007 WL 5557304, at *1774–75 (C.D. Cal. Sept. 21, 2007) (refusing to invalidate a forum selection clause on time-bar grounds).

---

[4] Comparing *Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.*, 809 F. Supp. 1306, 1314 (S.D. Ohio 1993) (application of statute of limitations not considered when determining reasonableness of forum selection clause), *aff'd*, 29 F.3d 1095 (6th Cir.1994), *with Krol v. AAMCO Transmissions, Inc.*, 1991 WL 276006 (E.D. Pa. 1991) (enforcement unreasonable where forum's statute of limitations bars plaintiff's contract claims).

*Pac Global* reasoned that "to allow a plaintiff to seek recovery in a [different] court and then oppose a forum selection clause on the ground that the chosen forum's statute of limitations would bar its action is to allow a plaintiff to circumvent its contractual commitment." 2007 WL 5557304, at *7. *Pac Global* cited a long line of cases that have adopted this reasoning. *See Allianz Ins. Co. v. Cho Yang Shipping Co.*, 131 F. Supp. 2d 787, 793 (E.D. Va. 2000); *Union Steel Am. Co. v. M/V Sanko Spruce*, 14 F. Supp. 2d 682, 695 (D.N.J. 1998); *Great Am. Ins. Co. v. Byankin*, No. C-96-0258, 1996 WL 756863, at *2758 (N.D. Cal. 1996); *Gen. Elec. Co. v. G. Siempelkamp GmbH & Co.,* 809 F. Supp. 1306, 1314 (S.D. Ohio 1993); *cf.*, *Thyssen, Inc. v. M/V Alpha Jupiter*, No. 96 Civ. 8743(JGK), 1997 WL 882595, at *2–3, *8–9 (S.D.N.Y. 1997) (voluntary waiver of defense); *Royal Ins. Co. v. M/V Animar*, No. 90 Civ. 4063 (SWK), 1991 WL 64161, at *1 (S.D.N.Y. 1991) (same).

The Court finds this reasoning persuasive. Plaintiff cannot defeat the clear terms of a forum selection clause by suing in a forum with more favorable limitations periods and then arguing that enforcement of the clause would deprive her of the benefit of the more favorable forum.

## C.    Allegedly Missing Page.

Plaintiff argues that she did not receive or initial the page of the agreement that includes the forum selection clause. Doc. 30. For several reasons, the Court cannot accept this argument as a basis for avoiding the clause.

First, Plaintiff does not dispute that she entered into the contract. To the contrary, her amended complaint affirmatively alleges that she entered the contract. Doc. 16 at 3, ¶9. Indeed, Plaintiff seeks enforcement of the contract. *See* Doc. 16 at 5, ¶1.

Second, the only ground under *Bremen* that would potentially apply to this argument is that the clause was the product of fraud or overreaching. 407 U.S. at 14. Plaintiff makes no such argument. She asserts that she did not see or initial the page containing the forum selection clause, but makes no suggestion that the alleged oversight was the result of fraud or overreaching. Doc. 30.

Third, the contract itself clearly contained a forum selection clause. *See* Doc. 22-1. The contract includes a total of 16 pages. The bottom of each page identifies that page as

one of 16: "Page 1 of 16," "Page 2 of 16," etc. Plaintiff initialed the first 14 pages opposite this indication. The paragraph containing the forum selection clause begins at the bottom of "Page 14 of 16" and clearly continues on to the next page. Plaintiff did not initial page 15 or 16, but she initialed page 14 and signed page 16. Doc. 22-1 at 14-16. Anyone reviewing the contract with even minimal care would have seen that it contained 16 pages and that the paragraph beginning on page 14—which Plaintiff initialed—continued on to page 15. Moreover, all of these provisions were set forth in the contract twice, once in Arabic (apparently Plaintiff's native language) and once in English. *Id.* Both versions contain the forum selection clause beginning on page 14 and carrying over to page 15. *Id.*

The Court cannot conclude that Plaintiff is relieved from the forum selection clause because she did not read the contract with care. *Bremen* certainly does not recognize such an exception to the general requirement that forum selection clauses be enforced.

## III.    Dismissal or Transfer.

Because the forum selection clause is enforceable, this lawsuit must be brought "in federal court in Oregon." Doc. 22-1, ¶19. Congress has stated in 28 U.S.C. § 1406(a) that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Transfer, rather than dismissal, is appropriate here. Dismissal would require Plaintiff to incur the time and expense of re-filing this lawsuit in Oregon and would further delay these proceedings. Dismissal might also exacerbate any time-bar problems faced by Plaintiff. The Court concludes that the interests of justice are best served by transfer.

**IT IS ORDERED:**

1.    Defendants' motions to dismiss (Docs. 22, 36) are **denied**. Although the Court finds their arguments persuasive, it concludes that transfer is required under 28 U.S.C. § 1406(a).

2.    Plaintiffs' motions to amend (Docs. 30, 40, 43, 47) are **denied** as moot.

3.    Plaintiffs' motions for judgment (Docs. 35, 40) are **denied** as moot.

4.    Defendant Wright's motion for leave to file a surreply (Doc. 37) is **denied**.

1       5.     The Clerk shall transfer this case to the United States District Court for the

2  District of Oregon pursuant to 28 U.S.C. § 1406(a).

        Dated this 18th day of November, 2011.

_____
David G. Campbell
United States District Judge