IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MARLENE ZIYA,

    Plaintiff,

        v.

GLOBAL LINGUISTIC SOLUTION, et al.,

    Defendants.

No. 3:11-cv-01398-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Defendant Global Linguistic Solution ("GLS") moved to dismiss [67] pro se plaintiff Marlene Ziya's claims pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Thomas/Wright, Inc. ("Wright") filed a separate Rule 12(b)(6) motion to dismiss [55]. Both moving parties argue Ms. Ziya fails to state any claims for which relief is available. They also argue that she failed to exhaust her administrative remedies for several claims. For the reasons explained below, I grant their motions [67] [55].

## BACKGROUND

    Ms. Ziya is a resident of Phoenix, Arizona. She alleges that in 2009, GLS contacted her about working in Iraq with Wright, its Oregon-based subcontractor. Ms. Ziya subsequently signed a contract to work in Iraq for one year starting on May 11, 2009. Under the contract, she was to be

1 – OPINION AND ORDER

paid $129,000 for one year, plus a $5,000 bonus after six months of work and a $10,000 bonus upon completion of the first year. (Mot. to Dismiss [22] Ex. 1). In addition, Wright was obligated to provide paid vacation and pay for her travel expenses. (*Id.*). The contract had the option to be extended for and additional year. While in Iraq, Ms. Ziya says she was bullied and discriminated against by her supervisors and other employees. During her employment, she suffered nightmares and felt emotionally drained by the working conditions in Iraq. On September 18, 2009, Wright terminated Ms. Ziya's employment and did not pay for her return trip to the United States. Ms. Ziya says that she has felt emotionally drained and isolated, and experienced physical discomfort because of her termination.

In the fall of 2010, Ms. Ziya filed a complaint in the District Court of Arizona alleging breach of contract and a variety of torts. (Compl. [6] 3). That complaint was dismissed without prejudice because she failed to state any claim for which relief was available. (Order [9] 4). Ms. Ziya filed her amended complaint [16] on January 25, 2012, and the court transferred her case here on November 18, 2011.

## LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12 (b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

The court construes pro se pleadings "liberally," affording plaintiffs the "benefit of any doubt." *Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010). However, a court need not accept as true legal conclusions, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2 – OPINION AND ORDER

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, a pro se litigant must be given leave to amend her complaint unless it is "absolutely clear" that the deficiencies could not be cured. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).

## DISCUSSION

Ms. Ziya filed claims against both GLS and Wright for breach of contract, fraud, slander and libel, intentional infliction of emotional distress ("IIED"), and assault. She also filed claims for sexual harassment, discrimination, and retaliation under Title VII of the Civil Rights Act of 1964. GLS and Wright move to dismiss all claims because she failed to allege sufficient specific facts plausibly entitling her to relief.

I dismiss, without prejudice, Ms. Ziya's claims for fraud, slander and libel, IIED, and assault against both defendants. I also dismiss, without prejudice, Ms. Ziya's breach of contract claim against Wright. As for her breach of contract claim against GLS, I dismiss that claim with prejudice. I also dismiss her claims for sexual harassment, discrimination, and retaliation with prejudice. I have provided an explanation of the complaint's deficiencies below. *Karim-Panahi*, 839 F.2d at 623 (when granting a motion to dismiss a district court is obligated to provide pro se plaintiffs with a statement of the complaint's deficiencies).

### I.     Breach of Contract

A sufficient breach of contract claim must allege facts that demonstrate Ms. Ziya and the defendants entered into a contract, the terms of that contract, which terms the defendants failed to honor causing the breach of the contract, and the damages Ms. Ziya suffered because of that breach. *See Otani v. State Farm Fire & Cas. Co.*, 927 F. Supp. 1330, 1335–36 (D. Haw. 1996).

Ms. Ziya alleges some facts that suggest she entered into a contract with both GLS and Wright, but she does not allege enough specific facts to state a breach of contract claim against

3 – OPINION AND ORDER

either defendant. Specifically, her complaint does not allege the specific terms of the contract that GLS or Wright breached and the specific damages she suffered. As a result, I dismiss her breach of contract claim against both defendants without prejudice.

### II.     Fraud

GLS and Wright move to dismiss Ms. Ziya's fraud claim because she fails to state a claim and does not satisfy Fed. R. Civ. P. 9(b), which requires that a fraud claim specifically allege the circumstances that constitute the fraud. To satisfy this rule, Ms. Ziya's complaint must allege facts about the time, place, and content of the fraudulent statement. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1042 (9th Cir. 2010). Ms. Ziya's amended complaint does not allege specific facts about the time, place, or nature of the fraudulent representation to demonstrate her fraud claim against either GLS or Wright. Therefore, I dismiss the claim against both defendants without prejudice.

### III.    Defamation

A claim for defamation must include facts that show the defendants made an untrue statement to a third party that subjects the plaintiff to hatred, contempt, or ridicule and detrimentally affects the plaintiff's good reputation in the community. *Pippert v. Niece*, 518 F. Supp. 2d 1265, 1273 (D. Or. 2007). Ms. Ziya fails to allege the necessary specific facts to demonstrate a defamation claim. General claims of being bullied or called names that do not include allegations about the specific untrue statements made by defendants are not sufficient to demonstrate defamation. I dismiss her claims against both defendants without prejudice.

### IV.    IIED

To prevail on an IIED claim under Oregon law, plaintiff must prove: (1) defendant intended to inflict severe emotional distress on the plaintiff; (2) defendant's actions caused the

plaintiff severe emotional distress; and (3) defendant's actions transgressed the bounds of socially tolerable conduct. *Schiele v. Montes*, 218 P.3d 141, 144 (Or. Ct. App. 2009) (citing *McGanty v. Staudenraus*, 901 P.2d 841 (Or. 1995). Ms. Ziya must allege specific facts as to each element in her complaint. She fails to allege specific facts that demonstrate that either GLS or Wright behaved in an outrageous fashion. Terminating her employment is not sufficiently outrageous behavior. I dismiss, without prejudice, her IIED claim against both GLS and Wright.

### V.     Assault

Assault is the intentional attempt by the defendant to inflict force or violence on the plaintiff when the defendant has the present ability to carry the intention into effect, and the plaintiff fears immediate physical harm. *Nielson v. Legacy Healthy Sys.*, 230 F. Supp. 2d 1206, 1212 (D. Or. 2001). Ms. Ziya fails to allege that either defendant attempted to inflict physical harm on Ms. Ziya, or that they had the ability to commit the battery. Therefore, her claim for assault is dismissed, without prejudice.

### VI.    Discrimination, Sexual Harassment, Retaliation

Title VII of the Civil Rights Act prohibits employment discrimination based on race, sex, religion, and national origin. This includes sexual harassment. It also prohibits an employer from retaliating against an employee who brings a claim for employment discrimination. Before a federal court can consider a Title VII claim, the plaintiff must exhaust her administrative remedies by filing an administrative charge with the Equal Employment Opportunity Commission within 180 days after the allegedly illegal employment practice and receive a right-to-sue letter. *See B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002); 42 U.S.C. § 2000e-5(e)(1).

Ms. Ziya failed to exhaust her administrative remedies and to receive a right-to-sue letter before she filed this suit. Without that letter, this court does not have subject matter jurisdiction

and an amendment will not cure this defect. Therefore, I dismiss Ms. Ziya's discrimination, sexual harassment, and retaliation claims, with prejudice.

## CONCLUSION

I dismiss, without prejudice, Ms. Ziya's fraud, defamation, IIED, breach of contract, and assault claims against GLS and Wright for the reasons explained above. Further, I dismiss her discrimination, sexual harassment, and retaliation claims against both defendants with prejudice because amendment will not cure the claims' jurisdictional defects.

Ms. Ziya, is granted 30 days from the date of this order to file an amended complaint.

IT IS SO ORDERED.

DATED this   19th   day of April, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court