IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MARLENE ZIYA,**

    Plaintiff,

        v.

**GLOBAL LINGUISTIC SOLUTION, et al.,**

    Defendants.

No. 3:11-cv-01398-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Defendant United States moves to dismiss [106] pro se plaintiff Marlene Ziya's claims pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

    This dispute arose during Ms. Ziya's employment with defendants Global Linguistic Solution ("GLS") and its subcontractor, Thomas/Wright Inc., who hired plaintiff to work as a translator for the United States Government in Baghdad, Iraq. (First Am. Compl. [16] ¶ 1, 9). She began working overseas on May 11, 2009, in the G-2 office, which is the staff section responsible for military intelligence in a United States Army unit. (*Id*. at ¶ 7); (Def.'s Mem. in Supp. [107] 3). On September, 18, 2009, plaintiff was fired by Sergeant Major ("SGM") Bernardo Serna, one of the G-2 office supervisors. (*Id.*).

1 – OPINION AND ORDER

Plaintiff alleges SGM Serna, and a second G-2 office supervisor, Sergeant First Class ("SFC") Susan Letendre: discriminated against her and bullied her at work; wrongfully accused her of poor work performance and encouraged GLS to terminate her employment; encouraged others to assault and harass her; and created a sexually hostile work environment. (*Id*. at. ¶¶ 3, 4, 5, 10, 11, 13). Plaintiff also alleges that the GLS civilian site managers, Mr. Rodriquez and Ms. Hatithi, did nothing to stop the harassment. (*Id*. at ¶ 6).

Plaintiff originally brought this suit against SGM Serna and SFC Letendre. On February 7, 2012, I entered an Order of Substitution [88], substituting the United States as the defendant in the place of both SGM Serna and SFC Letendre, and dismissed plaintiff's claims with prejudice against both of these individuals. On March 6, 2012, the United States moved to dismiss plaintiff's complaint for lack of jurisdiction and failure to state a claim. Plaintiff filed a Response [136] on April 17, 2012.

## DISCUSSION

Plaintiff alleges the following claims for relief against the United States: (1) intentional infliction of emotional distress; (2) slander and libel; (3) assault; and (4) sexual harassment, retaliation, and gender, ethnic, national origin, and disability discrimination.

### I.    Tort Claims

The Federal Tort Claims Act ("FTCA") "permits suits against the United States for injuries caused within a government employee's scope of employment. *Kashin v. Kent*, 457 F.3d 1033, 1036 (9th Cir. 2006) (citing 28 U.S.C. § 1346(b)(1)). However, the FTCA "does not waive the sovereign immunity of the United States if the tort was committed in a foreign country. *Id*. at 1037 (citing 28 U.S.C. § 2680(k)). In cases involving a foreign tort, therefore, if the Department of Justice certifies that an employee was acting within the scope of employment, and the United

States is substituted as the defendant, the action is dismissed because the United States retains its sovereign immunity. *Id*. ("[A] grant of certification sounds the death knell for lawsuits involving foreign torts."). In this case, the alleged torts were committed in Iraq; the Department of Justice certified that SGM Serna and SFC Letendre were acting within their employment; and the United States was substituted as the defendant. (Order of Substitution [88] 1). Therefore, I lack jurisdiction over plaintiff's intentional infliction of emotional distress, slander and libel, and assault claims against the United States and dismiss them with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

However, I note that in response [136] to defendant's motion to dismiss, plaintiff included a "motion" to "reinstate Bernardo Serna as a defendant," arguing that SGM Serna's actions were not within the scope of his employment. (Pl.'s Resp. [136] 4). In *Gutierrez de Martinez v. Lamagno*, the United States Supreme Court held that "scope-of-employment certification is reviewable." 515 U.S. 417, 420 (1995). I will construe plaintiff's motion in her response as a request to review the Department of Justice's scope-of-employment certification as to both SGM Serna and SFC Letendre.[1] Accordingly, while I dismiss plaintiff's tort claims against the United States with prejudice, my holding has no bearing on the issue of whether SGM Serna was acting within the scope of his employment at the time of the alleged torts in this case.

## II.   Discrimination, Retaliation and Sexual Harassment Claims

I previously dismissed Ms. Ziya's Title VII claims with regard to the motions to dismiss filed by defendants Global Linguistic Solution and Thomas/Wright Incorporated. *See* (Opinion

---

[1] While plaintiff only references SGM Serna in her response [136] to the Government's motion to dismiss, she also filed a response [144] to the Government's Motion to Quash [137] in which she argues that SFC Letendre was not acting within the scope of employment.

3 – OPINION AND ORDER

and Order [134] 5-6). As stated, Ms. Ziya failed to exhaust her administrative remedies and to receive a right-to-sue letter before she filed this suit. For the same reason, I dismiss with prejudice Ms. Ziya's sexual harassment, retaliation, and gender, ethnic, national origin, and disability discrimination claims against the United States.

## CONCLUSION

I GRANT defendant's Motion to Dismiss [106]. Plaintiff's tort claims against the United States are DISMISSED with prejudice. The United States shall respond to Ms. Ziya's construed motion for review of the scope-of-certification decisions as to SGM Serna and SFC Letendre within 30 days. Plaintiff's sexual harassment, retaliation, and gender, ethnic, national origin, and disability discrimination claims against the United States are DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this __15th__ day of May, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court