IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MARLENE ZIYA,**

        Plaintiff,

   v.

**UNITED STATES**,

        Defendant.

No. 3:11-cv-01398-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff Marlene Ziya filed a second amended complaint [180] alleging employment discrimination claims and various torts against Global Linguistic Solution ("GLS"), Thomas/Wright Inc. ("Thomas/Wright"), and two U.S. Army officials. I dismissed [236] the claims against Thomas/Wright and GLS with prejudice. I also dismissed with prejudice [235] the claims against the Army officials and substituted the United States in their place. The United States now moves to dismiss [240] Ms. Ziya's claims. Ms. Ziya filed a response [243], and also a number of motions [244, 245, 248, 250, 251], seeking, among other things, to add the Secretary of the Army and restore the Army officials and GLS as defendants. I grant the United States's motion [240] with prejudice and deny each of Ms. Ziya's motions.

1 – OPINION AND ORDER

## FACTUAL AND PROCEDURAL BACKGROUND

GLS and its subcontractor Thomas/Wright hired Ms. Ziya to work as a translator for the United States Army in the spring of 2009. (2d Am. Compl. [180] at 2.) On May 5, 2009, she arrived in Iraq. *Id.* at 3. On September 17, 2009, Command Sergeant Major ("SGM") Bernardo Serna expressed concerns with the quality of her work. *Id.* at 28–32. Two days later, SGM Serna and a GLS employee informed her that her employment was terminated. *Id.* at 37. She returned to the United States no more than a week afterward. *See id.* at 45 (Ms. Ziya stayed in a hotel in Georgia on September 26, 2009).

Ms. Ziya originally filed suit against GLS, Thomas/Wright, SGM Serna, Sergeant First Class ("SFC") Susan Letendre, and numerous others not relevant at present. Under 28 U.S.C. § 2679(d)(1), I dismissed with prejudice the claims against SGM Serna and SFC Letendre and substituted the United States. I dismissed without prejudice state-law tort claims and with prejudice discrimination, harassment, and retaliation claims against GLS and Thomas/Wright. I then dismissed Ms. Ziya's claims against the United States with prejudice under the foreign country exception to the Federal Tort Claims Act ("FTCA") and for failure to exhaust administrative remedies.

In her second amended complaint [180], Ms. Ziya brings claims of breach of contract and of the implied covenant of good faith and fair dealing against Thomas/Wright; "violating public policy" and fraud against Thomas/Wright, GLS, and SGM Serna; intentional and negligent infliction of emotional distress against Thomas/Wright, GLS, SGM Serna, and SFC Letendre; and tortious interference and civil conspiracy against GLS and SGM Serna. (2d Am. Compl. [180] at 65–69.) She also alleges claims of discrimination and harassment based on a variety of protected statuses against GLS, Thomas/Wright, SGM Serna, and SFC Letendre. *Id.* at 67–68.

On August 9, 2013, I dismissed [236] all claims against Thomas/Wright and GLS with prejudice. On the same day, I again dismissed [235] the claims against SGM Serna and SFC Letendre with prejudice and substituted the United States as defendant. The United States moved to dismiss [240] thirty days later. Ms. Ziya seeks to reinstate SGM Serna and SFC Letendre [243, 250] and GLS [251] as defendants. She also seeks leave to amend her complaint [243, 244] to add the Secretary of the Army as a defendant.

## DISCUSSION

**I.     This Court Lacks Subject Matter Jurisdiction Over Ms. Ziya's Claims Against the United States Under the Foreign Country Exception to the Federal Tort Claims Act.**

As a sovereign, the United States "is immune from suit save as it consents to be sued." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). A sovereign may consent to suit by waiving its immunity unequivocally; waiver will not be implied. *Id.* In the absence of a clear waiver of immunity by Congress, then, district courts lack jurisdiction over suits against the United States. *Id.*

Through the FTCA, the United States waived its sovereign immunity to liability for torts committed by government employees within the scope of their employment. 28 U.S.C. § 1346(b)(1). This waiver is subject to a number of exceptions. 28 U.S.C. § 2680. In particular, the United States has not waived its immunity with regard to "[a]ny claim arising in a foreign country." § 2680(k).

If the Attorney General certifies that a government employee defendant was acting within the scope of his employment when the alleged tort occurred, the United States is substituted for the employee as defendant. 28 U.S.C. § 2679(d)(1). If certification is granted, "the government employee is dismissed from the suit, and is immune from other civil actions arising from the alleged tort." *Kashin v. Kent*, 457 F.3d 1033, 1036–37 (citing 28 U.S.C. § 2679(b)(1)).

Here, the Department of Justice certified that SGM Serna and SFC Letendre were acting within the scope of their employment when they allegedly engaged in the conduct underlying Ms. Ziya's claims. (Order of Subst. [88] at 1.) Accordingly, I substituted the United States for SGM Serna and SFC Letendre and dismissed the claims against the two officials with prejudice. *Id.* at 1–2. I construed Ms. Ziya's subsequent attempt to reinstate SGM Serna and SFC Letendre as defendants as a request for review of the Department of Justice's certification. (Op. & Order [152] at 3.) On August 9, 2013, I found that Ms. Ziya "failed to meet her burden to disprove the scope-of-employment certification by a preponderance of the evidence." (Order [235].) I found also that certification was otherwise proper. *Id.* Accordingly, I dismissed the claims against SGM Serna and SFC Letendre in Ms. Ziya's second amended complaint with prejudice and substituted the United States as the proper defendant. *Id.*

Because Ms. Ziya's claims against the United States arise from conduct in Iraq, a foreign country, the FTCA does not apply and the United States is immune. This Court therefore lacks jurisdiction to hear Ms. Ziya's claims, and I must dismiss them with prejudice.

## II.     Amendment to Add the Secretary of the Army as a Defendant Would Be Futile.

Under Title VII, a federal employee must bring employment discrimination claims against "the head of the department, agency, or unit" that employs her. 42 U.S.C. § 2000e-16(c). Accordingly, the Government argues that the Secretary of the Army, not the United States, is the proper defendant for Ms. Ziya's discrimination claims. (Mem. in Supp. [241] at 9.) In response, Ms. Ziya seeks leave to amend to add the Secretary of the Army as a defendant.[1] (Resp. [243] at 1; Mot. for Leave to Amend [244] at 1.) I deny her request because amendment would be futile.

---

[1] Ms. Ziya attempts to add the Secretary of the Army as a defendant not only on her employment discrimination claims, but also on all of her state-law tort claims. (Mot. for Leave to Amend Ex. 1 [250] at 47–50, ¶¶ 1–3, 6–7.) As noted above, because of the Department of Justice's scope-of-employment certification, the United States is the proper defendant on the tort claims arising from SGM Serna's and SFC Letendre's conduct. Were Ms. Ziya

4 – OPINION AND ORDER

### A.     *Ms. Ziya Has Failed To Exhaust Administrative Remedies Under Title VII.*

Congress empowered the Equal Employment Opportunity Commission ("EEOC") to promulgate regulations as it deems necessary to carry out its responsibilities. 42 U.S.C. § 2000e-16(b). Pursuant to those regulations, a federal employee who believes she has been discriminated against based on protected status must approach an EEO counselor within forty-five days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1). If counseling fails to resolve the problem, the employee obtains the right to file a complaint of discrimination with the agency. § 1614.105(d). The employee may file suit in a district court only after receiving notice of final action from the agency, or after the agency or EEOC fail to take final action within 180 days after receiving the complaint. 42 U.S.C. § 2000e-16; 29 C.F.R. § 1614.108(g). Failure to comply with this regulatory scheme is grounds for dismissal unless the plaintiff can show waiver, estoppel, or equitable tolling. *Kraus v. Presidio Trust Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1043 (9th Cir. 2009).

The Army maintains a database of "all Army EEO contacts and formal complaints since October of 2004." (Ms. Kindinger's Decl. [108] at ¶ 3.) A search of this database in February of 2012 revealed no contact with or complaint filed by Ms. Ziya. *Id.* at ¶ 4. The Government argues on this basis that Ms. Ziya has not exhausted her Title VII claims against the Secretary of the Army. (Resp. [247] at 4.) In response, Ms. Ziya argues only that the Secretary is estopped to argue that she failed to exhaust administrative remedies. (Resp. [243] at 7–8; Mot. [248] at 1–2.)

### B.     *Equitable Tolling and Equitable Estoppel Do Not Apply.*

Equitable tolling is available where a plaintiff could not have learned that she had a potential claim within the time allowed for asserting it. *Johnson v. Henderson*, 314 F.3d 409,

---

permitted to assert these claims against the Secretary of the Army in an amended complaint, they would have to be dismissed under Rule 12(b)(6) for not having named the proper defendant.

5 – OPINION AND ORDER

414 (9th Cir. 2002). By contrast, a defendant may be estopped to assert that the time limit for bringing the claim has passed if the defendant's wrongful actions prevented the plaintiff from asserting the claim. *Id.* Because Ms. Ziya does not argue that she could not have learned of SGM Serna's and SFC Letendre's allegedly discriminatory behavior within Title VII's administrative time limit, equitable tolling is unavailable. She is relieved from failing to observe the time limit only if equitable estoppel applies.

Ms. Ziya argues that an Army EEO employee misled her about the procedure for filing a discrimination claim. (Resp. [243] at 7–8.) She asserts that she visited the Army EEO office in Baghdad on September 21 and 22, 2009, and both times an EEO employee refused to give her any paperwork or otherwise assist her in filing a claim. *Id.* Accordingly, because the EEO office in Baghdad prevented her from filing a claim, the Secretary should be estopped to assert that she did not comply with the Title VII administrative scheme.[2] *Id.*

Even if the Baghdad EEO office were found to have wrongfully prevented Ms. Ziya from filing a claim while still in Iraq, Ms. Ziya has not explained how that conduct prevented her from doing so after returning to the United States. The last instance of alleged discrimination took place on September 19, 2009, when Ms. Ziya's employment was terminated. (2d Am. Compl. [180] at 37.) The forty-five-day deadline for speaking with an EEO counselor and initiating the administrative claim process was November 3, 2009. Ms. Ziya returned to the United States no later than September 26, 2009. *Id.* at 45. She therefore had more than a month to locate an Army EEO office in the United States and assert her discrimination claims. Indeed, she called an

---

[2] Ms. Ziya also argues that a report she filed with the military police was sufficient to exhaust administrative remedies. (Resp. [243] at 3.) She asserts that an Army inspector attached the report to a form and promised to investigate. *Id.* In later filings, she recalls that the inspector's form was a "Form 95," the document used to file an administrative claim under FTCA. (Mot. [248] at 2; Reply [260] at 1.) Even if her recollections are correct, her report to the military police would have exhausted her remedies only for her tort claims against the United States, not her Title VII claims.

EEO office in Virginia three times regarding her claims against GLS and received a form to fill out each time. (Mot. [248] at 5.) The only reason she offers for her failure to do the same for her claims against the Army is that she thought she had to contact an office "where the work took palce [sic]." *Id.* If she believed that to be true, she would not have contacted an EEO office in Virginia concerning employment in Iraq. Ms. Ziya fails to offer any plausible reason why the conduct of the Army EEO office in Baghdad prevented her from attempting to file a claim with the EEOC in the United States.

Ms. Ziya failed to exhaust her Title VII administrative remedies, and no grounds exist for applying equitable tolling or equitable estoppel. She cannot state employment discrimination claims against the Secretary of the Army, and amendment to do so would be futile. Her request for leave to amend to add the Secretary of the Army as a defendant is denied.

### III. No Grounds Exist on Which To Reconsider Dismissal of the Claims Against SGM Serna, SFC Letendre, and Global Linguistic Solution.

Ms. Ziya moves this Court to reinstate SGM Serna, SFC Letendre, and GLS as defendants. (Mot. [244] at 1; Mot. [250] at 1; Mot. [251] at 1.) Because I have already dismissed with prejudice Ms. Ziya's claims against all three defendants, I construe these as motions for reconsideration.

A motion for reconsideration should be granted "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Ms. Ziya presents no grounds whatever in support of her motion to reinstate SGM Serna and SFC Letendre as defendants. With regard to GLS, she asserts that "[a]t the GLS dismissal hearing I didn't hear the court clearly, also was feeling nausea and wanted to throw up." (Mot.

7 – OPINION AND ORDER

[251] at 1.) She also asserts, without citing any authority, that exhaustion of administrative remedies is not required on a Title VII claim. *Id.*

Even if these assertions were correct (there was, for example, no hearing on GLS's motion to dismiss), neither of them amounts to one of the three grounds for granting a motion for reconsideration. Ms. Ziya's requests to reinstate SGM Serna, SFC Letendre, and GLS as defendants are denied.

## CONCLUSION

All claims asserted in Ms. Ziya's second amended complaint [180] are DISMISSED WITH PREJUDICE, and judgment will be entered. Her motion to amend her complaint to add the Secretary of the Army as a defendant is DENIED. Her motions to reinstate SGM Serna, SFC Letendre, and GLS as defendants are DENIED.

I wish to impress upon Ms. Ziya that her case in this Court is now at an end. Unless grounds exist under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure for amendment of judgment or relief from judgment, she must appeal to the Ninth Circuit if she wishes to continue to pursue her claims.

IT IS SO ORDERED.

DATED this __12th__ day of November, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

8 – OPINION AND ORDER